TALLMADGE v. LOVETT.

On a bill of review, alleging that the decree was not enrolled, it will not do for the defendant to demur and insist in his pleading that the decree was enrolled. He would thus make it a speaking demurrer. The party should plead the decree as enrolled and demur against opening it. Nor should he therein allege a want of affidavit—this is matter for a motion.

A demurrer will not hold to an irregularity of practice in regard to the bringing or filing of a bill.

BILL of review. The original bill was filed to foreclose a mortgage which had been assigned to the complainant. It appeared upon its face that leave had been given to file the bill by an order of the 9th day of July, one thousand eight hundred and forty-two; but there was no affidavit (save the ordinary jurat) annexed. The complainant, in claiming to have the decree reviewed and set aside, charged " that the said decree had not been enrolled."

*January 5. 1842.*

*Pleading. Demurrer.*

Demurrer:—after reciting the decree—"this defendant doth demur unto the said bill of review; and for cause of demurrer saith, that, by the constant settled rules of this court, no bill of review ought to be admitted to alter, change or explain any decree of this court, unless there be either manifest error in law appearing in the body of the said decree or for some new matter of fact discovered since the decree pronounced and that only by leave of the court on an affidavit made of the truth of that matter. And this defendant doth insist that, it doth not appear in the body of the said decree, as the same is signed and enrolled and is of record in this honorable court, that there are or is any error or errors apparent in the said decree. Whereby or by reason whereof the said decree can or ought to be reviewed or reversed; and for that the pretended errors in the said bill of review set forth are not errors in law appearing in the decree, but allegations and suggestions of matters not contained in the said decree; and for that there is not any such new matter alleged or affidavit made and leave obtained from this honorable court for bringing such bill of review as is war-

TALLMADGE
v.
LOVETT.

ranted by this court in this cause. Therefore this defendant doth demur, &c."

Mr. *P. A. Cowdrey*, in support of the demurrer.

Mr. *L. H. Sandford*, contra.

*May* 24.

THE VICE-CHANCELLOR :—The demurrer is objectionable, inasmuch as it speaks of a matter of fact which does not appear in the bill, but is stated differently there. The bill states that the decree, which it asks to have reviewed and altered, has not been enrolled, &c. ; while the demurrer insists that it doth not appear in the body of the decree " as the same is signed and enrolled and is of record in this court that there are or is any error or errors apparent in the said decree."

Now, it may be that the decree, as enrolled, is different from the decree as pronounced and settled and certified in the first instance. It may have undergone some alteration or amendment before it became a matter of record ; and if such is the fact and if the defendant intends to rely upon the decree as signed and enrolled—when the bill refers to it as existing in paper before enrolment—the defendant should plead the decree as enrolled and then demur against the opening of the enrolment : *Webb* v. *Pell*, 3 Paige's C. R. 370. He cannot have the benefit of the decree, as enrolled, upon a demurrer contrary to the fact asserted by the bill that the decree is not yet enrolled : for this gives to his pleading the character of a speaking demurrer and makes it assume the office of a plea—which is entirely inadmissible.

Another objection, very similar, is that the demurrer speaks of the want of an affidavit and of leave to file such bill of review. If the fact be so, the defendant should move the court to strike the bill from the files for irregularity ; and so, likewise, if the bill be not such a bill as, by the order of the 9th of July, 1840, the complainant had leave to file. He cannot take advantage of an irregularity in the filing or bringing of the bill on a demurrer suggesting matter of fact which does not otherwise appear. The bill alleges the leave of the court first had for the filing of it by an order of the ninth of July ; and the

propriety of that order cannot be questioned on demurrer. If it was wrong, the defendant should have appealed from it.

I abstain from giving any opinion on the merits of the bill at present, because I consider the demurrer informal. It must be overruled, with costs—giving the defendant the usual time to put in an answer, wherein he is to be at liberty to claim the same benefit as though he had demurred (properly) or pleaded to the bill.